UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KERMIT HARRIS, | ) | CASE NO. 1:10 CV 1831 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RICH GANSHEIMER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On August 19, 2010, petitioner *pro se* Kermit Harris filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Harris is incarcerated in an Ohio penal institution, having been convicted, in 1997, of aggravated robbery, receiving stolen property, attempted murder (with peace officer specification), and felonious assault (with peace officer specification). The petition asserts the indictment was defective, and the trial court thus lacked jurisdiction. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

The petition reflects that Harris was resentenced in February 2009.  The resentencing occurred because the trial court had neglected to journalize the postrelease control aspects of the sentence. *State v. Harris*, No. 92892, 2010 WL 376821 (Cuy.Cty.App. Feb. 4, 2010).  The Ohio Court of Appeals explicitly determined that petitioner's effort to raise defects in the indictment in his 2009 appeal was barred by the doctrine of *res judicata*.  *Id*. at 2-3.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him.  *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986). No such showing is reasonably suggested by the petition.

Accordingly, the request to proceed  *in forma pauperis* (Doc. 2) is GRANTED.  This action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).


IT IS SO ORDERED.


  December 30, 2010           /s/ John R. Adams
Date                          John R. Adams
                              U.S. District Judge